IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION



| | § | |
|---|---|---|
| DAVID AND SANDRA AUSTIN, BOTH INDIVIDUALLY AND AS NEXT FRIEND OF "JOHN E", A MINOR | § § § | |
| Plaintiffs | § § | |
| VS. | § § | CIVIL ACTION NO. 6:01cv446 |
| HARRISON COUNTY, TEXAS AND PATRICK A. JOHNSON, BOTH IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES | § § § § § | JURY DEMANDED |
| Defendants | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, David and Sandra Austin, Both Individually and as Next Friend of "John E", a minor, and file this their Original Complaint and would respectfully show the Court as follows:

### I.

### Preliminary Statement

1. Plaintiffs David and Sandra Austin (the "Austins") brings this civil action on behalf of themselves and on behalf of John E, a minor, who was subjected to physical and mental abuse while attending a juvenile boot camp funded and sponsored by Defendant Harrison County, Texas, pursuant to 42 U.S.C. §1983, which provides redress for every person within the jurisdiction of the United States for the deprivation, under color of state law, of any rights, privileges, or immunities secured by the Constitution and laws of the United States.

2. Plaintiffs also asserts a state law claim both individually, and on behalf of John E, against

1

Defendant Harrison County, Texas as authorized by the Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code, Chapter 101.101 *et seq.*, which provides in relevant part that Counties are liable for personal injury proximately caused by the wrongful act or omission or the negligence of an employee acting within the scope of his or her employment if the injury is caused by the use of tangible personal property and if the governmental unit would, if a private person, be liable to Plaintiff according to Texas law.

3. Plaintiffs seek compensatory damages against both Defendants, punitive damages against Defendant Johnson, and reasonable attorney fees as authorized by 42 U.S.C. § 1988.

## II.

## Jurisdiction and Venue

4. Jurisdiction over Plaintiffs' Constitutional claim, for which redress is provided by 42 U.S.C. §1983, is conferred on this Court by 28 U.S.C. §1343(a)(3). Federal question jurisdiction is conferred on this Court by 28 U.S.C. §1331 because this action arises under the Constitution and laws of the United States.

5. Plaintiffs assert their state law claims under this Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367.

6. Venue is appropriate in the Eastern District of Texas, Tyler Division, because Defendant's actions giving rise to this civil action occurred within this District.

## III.

## Parties

### A.
### Plaintiffs

7. Plaintiffs David and Sandra Austin are and were at all relevant times citizens of the United States and residents within the Eastern District of Texas.

8. Plaintiff John E, a minor, is and was at all relevant times hereto a citizen of the United States and a resident within the Eastern District of Texas. Due to the nature of the allegations set forth in this Complaint, the identity of John E shall remain confidential in this civil action. Defendants are, however, fully aware of his identity.

### B.
### Defendants

9. Defendant Patrick A. Johnson ("Johnson") was at all times relevant hereto the "Sergeant Major" of the STAR boot camp in Harrison County, Texas. It was his responsibility and duty not to subject children within his care and custody to objectively unreasonable force and punishment, physical abuse and mental abuse. It was also Defendant Johnson's responsibility and duty to ensure the welfare and safety of the children attending boot camp. Suit is brought against Defendant Johnson in both his individual and official capacities.

10. Defendant Harrison County, Texas is a County located within the boundaries of the Eastern District of Texas. It is Defendant Harrison County's responsibility and duty to promulgate and implement policies and procedures prohibiting the use of objectively unreasonable force and punishment, physical abuse and mental abuse of children attending the STAR boot camp program. It is also the responsibility and duty of Defendant Harrison County to hire, fire, discipline, train, and

supervise Defendant Johnson and other "drill instructors" working at the S.T.A.R. boot camp program. Further, it is the responsibility and duty of Defendant Harrison County, Texas to properly investigate complaints of abuse within the boot camp program and not to retain "drill instructors" with a known propensity for physical and/or mental abuse of children within boot camp.

## IV.

### Condition Precedent

11. Plaintiffs provided Defendant Harrison County with timely formal notice of state law claims in compliance with the Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code, Chapter 101.001 *et seq.*, by letter dated August 18, 1999.

## V.

### Relevant Background Facts

12. John E is the son of Sandra Austin and the step-son of David Austin. On Saturday, June 26, 1999, at 5:30 a.m., Plaintiffs David and Sandra Austin took John E to the STAR boot camp in Harrison County. This was the first time John E had ever been to the STAR boot camp program. The STAR boot camp program is funded, sponsored and supervised by Defendant Harrison County. Defendant Johnson was the "Sgt. Major" and supervisor of that program. John E was to spend approximately twelve (12) hours at boot camp and was to be picked up around 5:00 p.m.

13. After arriving at boot camp, Defendant Johnson began to taunt John E calling him "Kilgore." Defendant Johnson made John E and the other children perform strenuous and repeated exercises in the hot sun. After being forced to perform physical exercises in the sun, Defendant Johnson and the other drill instructor then forced John E and the other children to strap on weighted back packs. Defendant Johnson then made the kids run along a roadway, with the packs, for long periods of time.

John E and the other kids were not provided adequate fluids. If John E fell behind or complained of pain or exhaustion, then Defendant Johnson would taunt him and tell him that he would go to jail if he didn't keep going.

14. At a lunch break, some of the kids nodded off from exhaustion. Defendant Johnson got upset, cut the lunch period short, and made the kids wear the back packs again. John E did not get adequate fluids or nourishment during lunch. When putting on his back pack, John E was sore and exhausted. Defendant Johnson taunted John E for not putting on his pack quickly enough. Defendant Johnson then grabbed John E and pushed him. Defendant Johnson then made the kids run with the packs again. John E began feeling seriously ill. John E repeatedly asked Defendant Johnson to call his parents because he was ill. John E's reasonable requests were denied. Sometime around 3:00 p.m. to 3:30 p.m., John E and the other kids arrived back at the school campus. John E, due to his deteriorating medical condition, became delirious and collapsed. Although John E was in desperate need of immediate medical attention, no medical attention was immediately sought by Defendant Johnson or the other drill instructor present. Finally, at about 4:42 p.m., an ambulance was called.

15. When Plaintiff David Austin arrived to pick up John E around 5:00 p.m., he was informed that John E was in a nearby ambulance. No one called Plaintiffs David or Sandra Austin to inform them of the condition of their son during the day. When Plaintiff David Austin looked in the ambulance, John E was shaking uncontrollably and vomiting.

16. John E was taken to Marshall Memorial Hospital in critical condition suffering from critical heat stroke. His body temperature was one hundred and seven (107) degrees. Subsequently, John E's organs began to fail, including his kidneys, pancreas and liver. John E was transferred to Good Shepherd Medical Center in Longview, whereupon he was subsequently air lifted to Children's

Hospital in Dallas due to his life-threatening injuries. John E remained in a coma and on life-support for a significant period of time and had to undergo repeated kidney dialysis. After a slow and painful recovery, John E was released from Children's Hospital on July 15, 1999. In summary, Defendants almost killed John E.

17. Defendant Johnson and Defendant Harrison County were fully aware that children (as young as ten years of age) were being required to carry excessively weighted packs beyond their physical capabilities. Defendants took no action to stop this abusive treatment or to report the treatment to appropriate authorities. Plaintiffs would further show that the physical and mental abuse of John E was not an isolated incident. Other children were physically abused. Defendant Harrison County does not properly investigate complaints and does not discipline for such abusive conduct. Plaintiffs would show that Defendant Johnson and other drill instructors were inadequately supervised and inadequately trained by Defendant Harrison County. The end result was a boot camp program with drill instructors who acted with complete and unfettered discretion in the use of force, without accountability, and in a constitutionally abusive and cruel manner. The Texas Juvenile Probation Commission is currently investigating Harrison County's STAR boot camp program.

## VI.

### Liability of Defendant Johnson for Constitutional Violations, Negligence and Fraud

#### A.
#### 42 U.S.C. §1983

18. Incorporating paragraphs 1 through 17, Plaintiffs would show that Defendant Johnson inflicted arbitrary, objectively unreasonable, cruel and unusual punishment upon John E in violation of the Eighth and Fourteenth Amendments for which redress is provided by 42 U.S.C. §1983.

Defendant Johnson was also deliberately indifferent in failing to provide adequate medical care and/or summon medical care for John E. Defendant Johnson was acting under color of state law at all relevant times. The policy, custom and practice of requiring children to run with excessively weighted packs and to exercise repeatedly and strenuously in the sun was nothing less than torture. Verbal and physical abuse by this Defendant (and other drill instructors) upon children was prevalent throughout the STAR boot camp program. No objectively reasonable "drill instructor" under such circumstances would have authorized, participated in or condoned such abusive conduct. Defendant Johnson further failed to properly supervise the drill instructors under his command and allowed other drill instructors to verbally and physically abuse children in STAR boot camp. The conduct of Defendant Johnson violated the clearly established Constitutional rights of John E.

## B.
## Negligence

19. Incorporating Paragraphs 1 - 17, Plaintiffs would show that Defendant Johnson was negligent and grossly negligent. Specifically, Defendant Johnson owed a duty to John E not to injure or cause physical harm to him while in his care and custody. Defendant Johnson breached that duty by requiring John E to (1) carry an excessively weighted packs, (2) to exercise strenuously and repeatedly in the sun, (3) by failing to properly monitor John E's physical condition, (4) by failing to comply to John E's requests and (5) by failing to summon medical assistance in a timely and prudent manner. This conduct by Defendant Johnson was a proximate cause of the injuries and damages sustained by John E. Plaintiffs hereby bring a cause of action against Defendant Johnson for common law negligence and gross negligence. The conduct of Defendant Johnson was done with conscious disregard of, and with deliberate indifference to, the rights and welfare of John E.

## C.
## Fraud by Defendant Johnson

20. Incorporating herein paragraphs 1 through 17, Plaintiffs would show that Defendant Johnson made false representations and failed to disclose material facts all to the detriment of Plaintiffs. Prior to June 26, 1999, Plaintiffs went to the STAR boot camp office in Harrison County to register and pay for the program. Plaintiffs met with Defendant Johnson and discussed the boot camp program. Defendant Johnson advised Plaintiffs that the program was safe, that the children are supervised and that the children would be performing calisthenic type exercises on the campus. Plaintiffs were not told that their son would be deprived of adequate fluids and nourishment, that their son would be forced to wear an excessively weighted pack, that their son would be forced to run on concrete along roadways in Harrison County, that their son would be deprived of adequate supervision, that their son would be deprived adequate medical care, that their son would be verbally taunted and abused, or that their son would be physically abused and tortured. The representations by Defendant Johnson were material, were false, were made knowing the representations were false, were made knowing Plaintiffs would act upon the representations, and were relied upon by Plaintiffs to their detriment. The non-disclosures by Defendant Johnson were of material facts and, if Plaintiffs had known of such facts, would not have allowed their son to enter the program. As a direct and proximate result of Defendant Johnson's fraudulent conduct, Plaintiffs have sustained significant damages and injuries.

## VII.

## Harrison County Liability for Constitutional Violations and Negligence

### A.
### 42 U.S.C. §1983

20. Plaintiffs incorporate paragraphs 1-17. Defendant Harrison County sponsors, funds and implements the S.T.A.R. boot camp program and employs/supervises Defendant Johnson and other drill instructors. Defendant Harrison County retained Defendant Johnson and other drill instructors with full knowledge of their propensity for the use of arbitrary, objectively unreasonable, cruel and unusual punishment, verbal abuse and other misconduct. Defendant Harrison County was fully aware of the use of excessively weighted packs in the boot camp program, but did nothing to stop the abuse. Defendant Harrison County empowered Defendant Johnson and other drill instructors with unfettered discretion to use whatever force and punishment they wanted to use against the children, including, but not limited to, the use of excessively weighted packs and exercises beyond the physical capabilities of the children.

21. Defendant Harrison County's policies, practices, procedures and customs violated John E's Eighth and Fourteenth Amendment rights to be free from arbitrary, objectively unreasonable cruel and unusual punishment.

22. Defendant Harrison County had notice of abuse complaints regarding the drill instructors, but took no action to properly train them, to correct their abusive authority, to discourage their unlawful use of authority or to discipline them. As such, Defendant Harrison County authorized, tolerated as a practice, and ratified the misconduct of Defendant Johnson and other drill instructors by:

a. Failing to properly discipline, restrict, and/or control the drill instructors which were known to be abusive in their dealings with children assigned to the S.T.A.R. boot camp program;

b. Failing to train the drill instructors in the proper use of authority and physical training at S.T.A.R. boot camp program. In this regard, Defendant Harrison County granted the drill instructors unfettered discretion in the use of physical force and physical training upon the children.

c. Failing to take adequate precautions in the retention of the drill instructors, especially after learning of the complaints and abusive conduct. In this case, Defendant Johnson was not terminated or disciplined and the Boot Camp program policy of using excessively weighted back packs was not rescinded.

d. Failing to properly supervise the drill instructors in the use of physical force and physical training at the S.T.A.R. boot camp program.

e. Failing to require and/or properly train Defendant Johnson and other drill instructor to provide and summon necessary medical aid for participants.

23. Each of the aforementioned policies, practices and customs was a proximate and direct cause of John E's injuries and damages. Defendant Harrison County and Defendant Johnson acted with deliberate indifference to Plaintiff John E's Constitutional rights.

## B.
## Texas Tort Claims Act

24. Incorporating herein paragraphs 1 through 17, Plaintiffs would show that Defendant Johnson and other drill instructors proximately caused John E's injuries by their wrongful acts, omissions and/or negligence while acting within the scope of their employment with Defendant Harrison County. John E's injuries were caused by Defendant Johnson and the drill instructors' use of excessively weighted packs (i.e. tangible personal property). If Defendant Harrison County were a private person, then it would be liable to John E according to Texas law. As a direct and proximate result of the drill instructors' negligence and gross negligence, John E sustained injuries and

damages.

## VIII.

### Damages

25. Defendant Harrison County's and Defendant Johnson's acts, omissions, breaches, policies, procedures, practices and customs, jointly and severely, were a direct and proximate cause of John E's damages, which include physical pain and suffering, mental pain and suffering, disability and disfigurement. The Austins' also seek damages against Defendant Johnson for the medical bills incurred for the treatment of John E's injuries. Such medical bills are approximately $134,335.52.

26. The acts and omissions of Defendant Johnson were wanton, malicious, and done in conscious disregard of and with deliberate indifference to the rights and welfare of John E rendering appropriate the award of punitive and exemplary damages.

27. Plaintiffs also seek recovery of all reasonable and necessary attorney fees incurred pursuant to 42 U.S.C. §1988.

## IV.

### Jury Demand

28. Plaintiffs hereby demand a trial by jury on all issues so triable.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be served and answer herein, and following a final trial on this matter, that Plaintiffs have judgment against Defendants, both jointly and severely, for the following:

    a. Compensatory damages as set forth above;

    b. Punitive and exemplary damages against Defendant Johnson;

    c. Attorneys fees pursuant to 42 U.S.C. §1988;

d. Costs of court; and

e. For such other and further relief as this Court and the Jury may deem appropriate.

Respectfully Submitted,

BOON, SHAVER, ECHOLS & COLEMAN, P.L.L.C.
P.O. Box 151040
Longview, Texas 75615
Telephone: (903) 759-2200
Facsimile: (903) 759-3306

BY: _____
DARREN COLEMAN
SBN # 04558570

BRADLEY ECHOLS
SBN # 06390450

ATTORNEYS FOR PLAINTIFFS